# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   ALAN J. SHEETS, | ) | |
| | ) | |
|        Plaintiff, | ) | |
| v. | ) | CIV-18-595-C |
| | ) | |
| 1.   WAL-MART ASSOCIATES, INC., | ) | ATTORNEY LIEN CLAIMED |
| 2.   WAL-MART STORES, INC., and | ) | JURY TRIAL DEMANDED |
| 3.   WAL-MART STORES EAST, L.P., | ) | |
| | ) | |
|        Defendants. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Alan J. Sheets, and for his Complaint in the above-entitled action, alleges and states as follows:

## PARTIES

1. Plaintiff, Alan J. Sheets, is an adult male who resides in Oklahoma County, Oklahoma.

2. Defendants are:

   a. Wal-Mart Associates, Inc., an entity doing business in and around Oklahoma County, Oklahoma;

   b. Wal-Mart Stores, Inc., an entity doing business in and around Oklahoma County, Oklahoma; and

   c. Wal-Mart Stores East, L.P., an entity doing business in and around Oklahoma County, Oklahoma.

1

## JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendants and is based on claims of: (a) race discrimination, harassment, hostile work environment, and retaliation in violation of 42 U.S.C. § 1981; (b) race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964; and (c) gender discrimination in violation of Title VII of the Civil Rights Act of 1964.

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

5. All of the actions complained of herein occurred in Oklahoma County, Oklahoma. Defendants are doing business in said county and regularly conduct business within the geographical area encompassed by the United States District Court for the Western District of Oklahoma. Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6. Plaintiff has exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff initially filed a Charge on or about January 3, 2018. Plaintiff filed an Amended Charge of Discrimination on or about April 4, 2018. Plaintiff received his Dismissal and Notice of Rights letter from the EEOC dated May 15, 2018 (received by Plaintiff by mail thereafter) and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

## STATEMENT OF FACTS

7. Plaintiff, a Black male, was employed with Defendants from on or about

October 15, 2008 until on or about December 26, 2017.

8. Plaintiff was hired as a Cashier, but was later promoted to a Customer Service Manager ("CSM") position in or around 2013/2014.

9. Plaintiff satisfactorily performed his job throughout his lengthy tenure (9 years). In addition to being promoted, Plaintiff was consistently praised for his good work performance. He received positive performance reviews, merit pay increases, performance-based bonuses and awards.

10. Despite his stellar work record, Plaintiff was wrongfully demoted on or about August 8, 2017, after complaining that new Assistant Store Managers Josh Duncan and Kevin King (both White) wrote him up without justification. His work hours were also cut. And, Duncan wrongfully terminated Plaintiff on or about December 26, 2017.

11. More particularly, Duncan and King began as Assistant Store Managers in or around the Spring 2017. Once in place, Duncan and King began constantly nitpicking Plaintiff about his performance without justification.

12. By way of example, in or around July 2017, Duncan and King wrote Plaintiff up. Duncan and King said the reason for the write-up was that Plaintiff was not "acting like a manager" because he left work at 1:00 p.m. However, the stated basis for the write-up was pretext – Plaintiff left work at the end of his scheduled shift, i.e., 1:00 p.m. And, Duncan and King did not treat Plaintiff's similarly-situated, non-Black co-workers in this same fashion.

13. Thereafter, in or around late-July 2017, Plaintiff filed a complaint with Defendants' Global Ethics Hotline, complaining that his new White Assistant Store Managers, Duncan and King, wrote him up without justification.

14. In response, Plaintiff received an email, stating his immediate supervisors (i.e., Duncan and King) would be advised of his complaint and would be given the first opportunity to rectify the matter.

15. The email further stated that if Plaintiff was concerned about his immediate supervisors not taking appropriate action in response to his complaint, he should contact Market Human Resources Manager Charissa Gray. As such, Plaintiff repeatedly attempted to contact Gray, but to no avail. At no time did Gray follow up with Plaintiff. And, no remedial action was taken in response to Plaintiff's complaint.

16. To the contrary, on or about August 8, 2017, after filing his complaint, Plaintiff was demoted, causing him to suffer a significant reduction in pay.

17. Duncan repeatedly called Plaintiff to his office over a period of several days, pressuring him to step down from his CSM position. Duncan threatened that he would fire Plaintiff unless Plaintiff relinquished the CSM position. Thus, Plaintiff was forced to demote from his position. And, a recently-hired White female was put in Plaintiff's place as CSM.

18. Thereafter, Plaintiff's work hours were also significantly cut, from approximately 40 hours per week, down to approximately 25 to 30 hours per week.

19. And, on or about December 26, 2017 (the day after Christmas), Duncan terminated Plaintiff's employment. Duncan told Plaintiff, "I'm going to have to let you go." Duncan alleged that Plaintiff had "mishandled a check" and the incident was allegedly captured on video. However, the stated basis for termination was pretext.

20. Plaintiff had been on vacation for eleven days prior to his termination. And, Plaintiff had not mishandled any checks. Plaintiff told this to Duncan and asked to see the alleged video, but Duncan refused.

21. Plaintiff was replaced by a White female following his termination.

22. Plaintiff also overheard management make racist remarks to Black employees during his employment, including *inter alia* referring to a young Black employee as "boy."

23. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries described below.

### COUNT I - 42 U.S.C. § 1981 Violations

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

24. The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination and retaliation.

25. Plaintiff is entitled to relief under federal law for race discrimination because, as stated herein, Plaintiff is Black; he was qualified for his job; he was terminated from his

employment with Defendants; and his job was not eliminated. Plaintiff was also replaced by an individual outside Plaintiff's protected class.

26. Plaintiff is also entitled to relief under federal law for retaliation because Plaintiff engaged in protected opposition to race discrimination; he suffered adverse actions subsequent to the protected activity; and a causal link exists between the protected activity and the adverse actions.

27. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

28. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT II - Title VII (Race)

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

29. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of race discrimination and retaliation.

30. Plaintiff is entitled to relief under federal law for race discrimination because, as stated herein, Plaintiff is Black; he was qualified for his job; he was terminated from his employment with Defendants; and his job was not eliminated. Plaintiff was also replaced by an individual outside Plaintiff's protected class.

31. Plaintiff is also entitled to relief under federal law for retaliation because Plaintiff engaged in protected opposition to race discrimination; he suffered adverse actions subsequent to the protected activity; and a causal link exists between the protected activity and the adverse actions.

32. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

33. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### **COUNT III - Title VII (Gender)**

For his third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

34. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of gender discrimination.

35. Plaintiff is entitled to relief under Title VII for gender discrimination because, Plaintiff is a member of a protected class; he was qualified for his job; he was terminated; and his job was not eliminated. Plaintiff was also replaced by an individual outside Plaintiff's protected class.

36.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

37.     Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendants and award compensatory damages, wage loss (including back pay and front pay), emotional distress damages, punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs, attorney's fees and all other damages recoverable as to the above-listed claims.

RESPECTFULLY SUBMITTED THIS 19th DAY OF JUNE, 2018.

s/Jana B. Leonard
JANA B. LEONARD, OBA# 17844
SHANNON C. HAUPT, OBA # 18922
LAUREN W. JOHNSTON, OBA #22341
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800     (telephone)
(405) 239-3801     (facsimile)
leonardjb@leonardlaw.net
haupts@leonardlaw.net
johnstonlw@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED